Good morning. My name is Michael Marszalkowski, appearing on behalf of the petitioner. At the outset, I would point out to the court two relevant factors. First, that in this case, the Board of Immigration Appeals adopted and affirmed the decision of the immigration judge. And as a result, I'll be making my arguments based on the decision of the immigration judge. And second, that the immigration judge specifically found the petitioner with no restriction whatsoever. With that in mind, and framing the arguments, it is our position that the petitioner, that the immigration judge erred in denying the petitioner her applications for asylum and withholding of removal under two bases. First, that the immigration judge failed to recognize the particular social group as being recognizable. And second, when he went further and said, even if it was cognizable that the petitioner did not prove up on the preponderance of evidence that she has suffered past persecution on account of... Can I ask you, what is the particular socialized group that you are seeking to have recognized here? The groups that are recognized are the relatives of wealthy landowner, relatives of wealthy business owner, the family, in effect, the family of the father, in this case. The petitioner was the young daughter of a nuclear family, a father, a mother, and one other sister, and submitted testimony based on persecution and threats that she suffered, her father suffered, her mother suffered, and other family members suffered. And... Oh, sorry, go ahead. I was just gonna ask, is it your argument that that family group was not considered here? That's exactly my position, Your Honor. So here's my concern about that, and this is what I want, because you clearly raised that, and I say you, I don't know if it was you, but before the BIA, you clearly made that argument and said, hey, the IJ erred here by misconstruing what our social groups were. But I went back and looked at what the arguments were before the IJ, and I don't see how that clarification was ever made before the IJ. If you go to 93 of the record, the immigration judge was pretty clear about what the social groups were, and asked for clarification, and in that clarification, you added, well, you disagreed that that fully encompassed them, and so the immigration judge said, is it relative of a wealthy business owner and relative of a wealthy land owner? And... Or excuse me, that's what was said, and then the immigration judge says, so in addition to the three particularized social groups you identified earlier, the next two are relative of wealthy business owner and relative of wealthy land owner. Correct, Your Honor. Okay, so there are five particular social groups. You may proceed. I don't see any objection to saying, hey, no, there's another one that is not encompassed in your list. I'm looking at the same thing, and on that basis, Your Honor, it's my position that that's exactly where the determination was described, that this was the family that was intended to... And tell me where it says that it's the family. That is my inference, Your Honor, by looking at the context of the record on the whole. Point it to me, point it to... Tell me where you made the argument. The argument is inferred from the following two... I don't wanna hear inferred, I wanna know where you made the argument that the particularized social group was the family of this specific family. Your Honor, my position is that when the counsel stated that the description was relative of that business owner and relative of land owner, relative means family. Well, but why isn't that just any relative? I mean, why isn't that just the family members of any wealthy individual in the country? Why is the IJ supposed to infer what the argument is that, oh no, it's not just the father who owns land, but also the cousins and the nephews and the nieces? That seems to be what the IJ did here. And then you flip it before the BIA and you say, oh, well, you misinterpreted it. But you didn't make those arguments before the IJ. As I said, Your Honor, my understanding from the submission at the time, because this was in the context of the colloquy with the court, as you probably noted, and I was citing the same record at pages 93 through 94... So can I just draw your attention to the last line on 93 to the first line on 94? I thought that's what you were going to reference and I'm not sure you've mentioned that yet. Thank you, Your Honor. At page 93 at the very bottom line 25, counsel does say, they are part of the particular social group of the family related to the business and the wealthy land owner. So that is, Your Honor, where the petitioner in the trial stage... But why does that... You don't reference the family specifically. You don't reference the Soto family. You say the family related to the business and wealthy land owner. And the IJ asked for clarification on this. And then in the... That's what I'm troubled by here, is that this feels like a bait and switch. And these IJs have... They have really difficult times trying to understand the arguments. And the IJ tried to understand the argument here. And there was no statement before the IJ, oh, no... And he asked for clarification. The IJ asked for clarification. There was no statement of, oh, no, it's actually De Soto's family. In fact, when it was stated more broadly, counsel acquiesces. So why does the IJ err in acquiescing to the particular social group that counsel said before the IJ was the right one? For that, Your Honor, again, I refer to the specific language and the terminology that counsel submitted, that this was related to the family second, the totality of the evidence all talked about the notoriety of the family as the basis for... Okay, I give you that. I give you that. But this happens all the time. And what I'm worried about is how do we write an opinion or how do we write a decision that says that the IJ has to look at all of the evidence and in their mind, think about the 100 different particular social groups that could be encompassed. The IJ has to rely upon the representations of counsel here. And I don't think it's fair to come in and say, well, the evidence is there. You should have figured out that the evidence supported this other particular social group. Your Honor, on behalf of the petitioner also, if we don't go that far, if we don't accept the description of the counsel during the course of the hearing to add these additional particular social groups as including family, as being broader, then when you look at the first three categories that were first described, they become meaningless or superfluous. Because as the IJ notes on page 47 of the record, the respondent claims persecution on five groups, the first being daughter of wealthy business owners. So if we're just saying she's the daughter of a wealthy business owner and now we're arguing she's the relative of a wealthy business owner, that makes us superfluous. So I do feel that the court, the judge in this case, who did a very thorough job listening to all and describing that, but never made that jump to say, okay, this is how you're adding family and adding these factors that were other members of the family harmed. This is why it's more than what you first started the case with, where you were talking about the daughter of the owner, granddaughter of a wealthy landowner. So I feel that... Counsel, why isn't the IJ's interpretation of the PSG reasonable, given the ambiguity of the phrasing? Because you look at the essence of what a particular social group is, and we have an immutable characteristic. We have clear guidance in the Ninth Circuit and throughout that family is the quintessential particular social group, deserving of the most protection, the easiest to identify. Is there socially distinct within the society? And that's where the evidence pointed to it. But doesn't that hold true even if we take the alternate interpretation that the IJ did? Family is a family of a wealth... This is all coming down to family of a wealthy business owner versus family of the wealthy de Soto family. And either way, family is defined. I mean, family is part of this quintessential social group. I would agree with that interpretation, but my position is that the judge never reached it. He never made a specific determination on how is the family assessed. He did go through that kind of analysis in his looking at this under political opinion or imputed political opinion, never talked about the family portion of this. And the basis of that BIA decision was focusing where the wealthy landowner was the sole description. Here, it was one of two descriptions. One is wealthy landowner, but the other is relative. That's where the family comes in. And that's my position, Your Honor. If we hold for you regarding the family based PSG issue, do the BIA's holdings about nexus, forbid a finding of nexus in the new family based PSG? Yes, my position is that both based on substantial evidence and a de novo review that that would not support the fact that the family itself was not targeted in a substantial, significant amount. We have a situation where the family responded to threats by fleeing the country. We have a business owner, wealthy business owner who sold his business in response to the threats. We have the victim who had two specific instances of assaults or threats when she was only age 16 the first time when she was a teenager the second time. So when you're looking at this and we have our subjective factors, there was evidence put in that the petitioner has a clinical diagnosis of post traumatic stress disorder and adjustment disorder based on anxiety and depression. So by looking at the totality of the evidence in light of the objective factors of what was the circumstances in the country at the time where the government of Columbia could not, was unable or unwilling to protect individuals from the paramilitary groups, we feel that that therefore was an error by the judge also and would ask that the case be remanded so that a thorough assessment could be made of the family within those facts. And can I just ask one quick question? Um, and maybe the answer is not so quick, but to recap, if you had to sort of list for us the, um, uh, your client's arguments, uh, referencing family specific arguments, what would they be? Uh, it's exactly as, uh, as, as judge Nelson noted, it is the family, the Soto family that has been attacked and targeted. It is a family that is notorious in the area for being wealthy. Uh, it is recognized that evidence was consistent throughout to argue that this was a known wealthy family in the neighborhood, um, that was targeted on multiple levels and that most significantly, it wasn't just the starting point of the father being addressed because he happened to run a clothing business and the gorillas wanted more uniforms. They wanted their started from him. That's the starting point. But what happened thereafter? We have, uh, attempted kidnapping of the mother. We have other family members killed in the course of this. We have an assault on the petitioner herself. And in the final instance, when she felt it was an attempted kidnapping, uh, somebody pointing out she's the one. So, but it's also interesting that the straw that sort of broke the camel's back seems to be, and this is why I think this is so important because it was the killing of the neighbor who was not a family member, but I guess the inference would be was also a wealthy individual. And so the evidence seems to support that wealthy individuals are the ones who are being targeted. I mean, the DeSotos were all, I said DeSotos, the DeSotos were all targeted, but not because they were that family, but because they were wealthy, as every wealthy family apparently was being targeted. And that's why I just wish that there were more clarification here before the IJ, because it just, the IJs are, they, they, they're dealing with, uh, you know, this, this IJ seemed to try to do the right thing here by clarifying it. And the clarification that was offered as an additional one was actually, you know, against the client's interests, not in favor of the client. It was, it was anti-clarification, not pro-clarification. And I'm looking, realizing that wasn't you, right? That was Ms. Alcorn. So you were not before the IJ. I was not the attorney on the trial. So anyway, I appreciate your time. Thank you. We'll still give you some time for rebuttal, but let's hear from the government. May it please the court. Jennifer Bowen on behalf of the respondent, the United States Attorney General. As stated in respondent's brief, the agency, the record does not compel the reversal of the agency's denial of petitioner's claims for asylum and withholding here. Both with respect to past persecution, that petitioner did not show harm that rose to the level of persecution. At that point, we're only looking at future persecution, regardless whether we're looking at past or future, as the agency held, even if we don't, we don't. Counsel, I don't want to interrupt, but we seem to be focused on this particular social group. And so I think it's very clear that petitioner before the BIA said, hey, the IJ got this wrong. We actually raised this other particularized social group. How come the BIA didn't say, wait, I don't read the BIA's report to say, or decision to say, hey, you didn't actually raise that one. It's sort of, I'm wondering what your answer is to that. How did the BIA address this correctly? I think the BIA addressed it sufficiently and that this was not raised before the immigration judge, as was discussed with petitioner's counsel. Before the immigration judge, the petitioner raised five particular social groups. It was petitioner's burden to define the PSG. And before the immigration... It might be ambiguous whether it was raised enough before the IJ, but once the brief to the BIA says the IJ made a mistake, we were arguing our family was the social group. Why doesn't the BIA say it wasn't raised before the IJ? I don't see that anywhere in the BIA opinion. I agree, Your Honor. I don't see that in the BIA opinion, but I don't know that the BIA erred in not addressing an argument that wasn't raised before the immigration judge. The boards looked at the record, looked at the PSGs that were defined, agreed with the immigration judge that they were not cognizable where they were defined by well, and found even if they were cognizable, that there was no... That the immigration judge did not err in the nexus finding. Well, but the family would be cognizable, at least possibly, and that's not analyzed then, right? Your Honor, the family, I believe, is analyzed with the nexus finding where the agency finds that the petitioner does not show any nexus between any past or future harm and a protected ground. But if they weren't looking at the family of this... Sorry, I don't think the Soto family. If they weren't looking at that family, and family, if they have blonde hair in a country where people don't have blonde hair, they probably are identifiable. That's not discussed, or there's no discussion of whether the harm that they faced was related to the nexus of that family because they didn't discuss the family, right? They did discuss the record, Your Honor, of past events, which does not... The record does not support any argument that petitioner was held at knife point after her father was threatened. The record shows that the petitioner is not clear on when those events occurred. When asked specifically which came first, she could not recall and just said both happened in June of 2012. But didn't the attackers say, don't tell your father, specifically calling out a family member? After it was done, but the attackers did not say, this is why we're attacking you. As the attackers were leaving, because some individuals came out of the church, which kept the attackers from taking her and her friend elsewhere, they said, don't tell your father. But that's very speculative to then assume at the end of don't tell your father, this is the reason we did this, as opposed to this general crime. There is evidence in the record to suggest that this family was targeted. Whether they were targeted in the context of all wealthy landowners, but they were going to specific family members saying, where is the family? Where is the father? And he had to move around. I believe that when they asked about where is the father, that's after they left Columbia. Not to get specific, I apologize. But isn't that still part of the evidence that the family was being targeted? Why is the aunt asked where the family is if no one cares about the family? Your Honor, that's not evidence necessarily that believe that the aunt was asked about where the father was located. I see. So you're saying the evidence only means that? Well, I think that sort of falls apart a little bit because if all of the violence were targeted towards the father, that's one thing. But there's clearly threats against many different members of the family. So what do we do here? I mean, first of all, I'm just trying to figure out how we conceptualize this case. Because it comes up to us with a whole bunch of stray lines of argument. What about 93 to 94 before the IJ, where Ms. Alcorn says to the IJ, they're part of the particular social group of the family related to the business and the wealthy landowner. The IJ apparently does not interpret that to be referencing the family specifically, but only family members of wealthy business people in the country. Is that your understanding as well? My understanding is, as the immigration judge explains that he doesn't understand where they're going with this, given the evidence that they presented with respect to various other family members, including a cab driver that may or may not have been wealthy. And so he's asking... What do we... What deference do we owe to the IJ's determination of what was brought up? If this is ambiguous and the IJ says, I'm gonna interpret the particular social group more broadly and not as narrowly as you claim before the BIA, do we owe that some sort of breach record de novo and say, we wanna... We have a de novo review of what was said on 93 and 94. I apologize, Your Honor. I believe the record does speak for itself, so we are reviewing the totality of the record. And when we're looking to whether or not... We're trying to determine whether a particular social group... To me, I wanna know whether that particular social group was raised before the IJ. And my question is, do we owe deference to the IJ's interpretation of that, or do we look at that de novo on our own to determine what particular social groups were raised before the IJ? But Your Honor, I believe Respondent's position is that either way, whether we look at the entirety of the record or the court offers deference to the immigration judge's interpretation, the record doesn't show that that particular social group was sufficiently raised, where petitioner had the burden of defining the particular social group and raised five before the immigration judge, none of which were defined as the DeSoto family. Well, can I ask you to address Antonio versus Garland, 2023 case of this court? And the holding is that IJs and BIAs are not free to ignore arguments raised by a petitioner. And I suppose the issue here is the nature of the argument that was raised. How clearly was it raised? Even if the PSG was ambiguously pleaded, doesn't the agency have an obligation to address all of petitioner's arguments, including her family's specific arguments? Your Honor, Respondent would argue that any error by the board here would be harmless, and again, argue that the agency's nexus holding holds that there was not sufficient, the petitioner did not meet her burden to show a sufficient connection between nexus, between any prior or future harm and a protected ground. Well, okay, that's pretty hard to... That position is pretty hard to defend in light of Brown or Antonio, because Antonio says, if... I mean, it seems like this all collapses into whether the particular social group was raised. Because if it was, as the petitioner is arguing, that the Soto family was raised before the IJ, the government seems to agree that the Soto family specifically was not addressed by the IJ, right? No, Your Honor, the government's position is that the immigration judge addresses the particular social groups that were defined by the petitioner, which are the five that were... You did a very nice job of avoiding my question, because I'm not asking... I understand your position, which is... But if the Soto family was raised before the IJ, did the IJ specifically address the Soto family as the Soto family as a particularized social group? I think the answer has to be no to that. I don't think you're conceding too much by that, but I... Go ahead. No, Your Honor, I would refer the court to the immigration judge's nexus finding and noting that any... That petitioner, it was a very... The immigration judge focused on the speculation of what was the motive behind the robbery with the knife and the individuals on bikes, where she heard them say she's the one and ran away. That finding that she was targeted because of any protected ground would have been highly speculative. To that extent, it was addressed. As far as future persecution goes... Well, I think that's all we're talking about is future persecution. Okay. Well, future persecution, if it were to return to the agency, of course, there would be... The agency, DHS, would have... They would... Yes, Your Honor. Mike, time is almost up. Time is up, but if you have a final point, go ahead. Your Honor, respondent rests on the brief. Thank you. Thank you. Let's give a minute for rebuttal, please. Thank you, Your Honor. Referring again to the bottom of page 93, when a trial attorney again... Anyone who's got the trial attorney experience, this is kind of the fog of war. Something comes up quickly, you respond, you do the best you can and clarify it. And the language is very clear. She talked about the family related to the business and the wealthy landowner. That, along with the noted CID raise means that we would ask the court to take a de novo review of the entire situation and our position that clearly the IJA did not address the family issue properly. Thank you, both sides, for the helpful arguments. This case is submitted.
judges: FRIEDLAND, NELSON, Katzmann